R. GAYLORD SMITH, SB# 72726
E-Mail: Bob.Smith@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
701 B Street, Suite 1900
San Diego, California 92101
Telephone: 619.233.1006

STEPHEN H. TURNER, SB# 89627
E-Mail: Stephen.Turner@lewisbrisbois.com
DAVID D. SAMANI, SB# 280179
E-Mail: David.Samani@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for JOHN CLINNIN, an individual person; TIMOTHY O'REILLY, an individual person; RICHARD HAAS, an individual person; NICOLE HOLMES, an individual person; SCOTT McGLASSON, an individual person; and LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, a foreign limited liability law partnership

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND HOY, an individual person, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN CLINNIN, an individual person; TIMOTHY O'REILLY, an individual person; RICHARD HAAS, an individual person; NICOLE HOLMES, an individual person; SCOTT McGLASSON, an individual person; and LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, a foreign limited liability law partnership,<br><br>Defendants. | CASE NO. **'17CV788 BTM KSC**<br><br>**NOTICE OF REMOVAL** |

4836-2881-2359.2

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants JOHN CLINNIN, TIMOTHY O'REILLY, RICHARD HAAS, NICOLE HOLMES, SCOTT McGLASSON, and LINEBARGER GOGGAN BLAIR & SAMPSON, LLP ("Linebarger") (collectively, "Defendants") hereby removes to this United States District Court for the Southern District, that certain civil action styled *Edmund Hoy, an individual person, on behalf of himself and all others similarly situated, v. John Clinnin, an individual person; Timothy O'Reilly, an individual person; Richard Haas, an individual person; Nicole Holmes, an individual person' Scott McGlasson, an individual person; and Linebarger Goggan Blair & Sampson, LLP, a foreign limited liability law partnership*, Case No. 37-2017-0007840-CU-BT-NC, pending in the Superior Court of California, County of San Diego, North County Division. As grounds for removal of this action, Defendants respectfully show the Court as follows:

## I. STATEMENT OF THE CASE

This is a putative class action brought by Plaintiff Edmund Hoy ("Hoy") alleging violations of the California Business & Professions Code against Linebarger and its employees. Linebarger is a law firm with its principle place of business in Texas that contracts with state and local governmental agencies to collect debts owed to those agencies. The debts can include unpaid taxes, tolls, fines, and fees for services for use of public facilities such as public hospitals.

Plaintiff initiated this action on March 6, 2017 "on behalf of himself an all others similarly situated." *See* Complaint (Ex. A), ¶ 24. The Complaint alleges that Defendants violated California's unfair competition law—i.e., California Business & Professions Code § 17200 *et seq.*—in conducting its collection work for various California governmental entities. Complaint (Ex. A), ¶ 38. The Complaint therefore seeks restitution for "monies [Linebarger] obtained from the Class that they did not deliver to California Governments" as a result of Linebarger's

purported "(i) unlawful business practices; (ii) unfair business practices; and (iii) fraudulent business practices." *Id.*, ¶¶ 37-38. The Complaint further seeks injunctive relief and an award of attorneys' fees. *Id.*, at 9:22-24, 10:1-2.

Plaintiff defines the putative class in the Complaint as "all California Debtors who have paid money to LLP after they received California Government Demand Letters which LLP Debt Collectors sent to them during the Class Period (Class Members)," with a period beginning September 16, 2013. Complaint (Ex. A), ¶¶ 25, 26. Plaintiff alleges there are "tens of thousands of Class Members." *Id.*, ¶ 27.

The Complaint does not specify the amount in controversy, stating only that the amount sought is "in excess of [the] court's jurisdictional minimum." Based on the allegations and the relief requested, Linebarger has determined from its own records that the amount in controversy exceeds $5,000,000. *See infra* Part II.A.4.

Because this is a putative class action subject to the Class Action Fairness Act of 2005 ("CAFA"), it is removable under 28 U.S.C. §§ 1332(d)(2) and 1453(b). Defendants have satisfied all of the procedural requirements of 28 U.S.C. § 1446 and hereby removes this action to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1441 and 1453.

## II. BASIS FOR REMOVAL

### A. This Court Possesses Original Jurisdiction Under 28 U.S.C. § 1332(d)

CAFA provides a basis for original jurisdiction over putative class actions in which there is minimal diversity, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there are 100 or more proposed class members. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 678 (9th Cir. 2006); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). This Court has jurisdiction under CAFA because all of the requirements under 28 U.S.C. § 1332(d) are satisfied.

### 1. **This is a class action**

This is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B), which defines a "class action" as "any civil action under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedural authorizing an action to be brought by 1 or more representative persons as a class action.

Here, Hoy filed this case as a class action in the Superior Court of California in and for the County of San Diego on behalf of himself and all others similarly situated. *See* Complaint (Ex. A), ¶¶ 24-27. Consequently, this is a putative class action subject to CAFA.

### 2. **The proposed class exceeds 100 members**

As required by 28 U.S.C. § 1332(d)(5)(B), the proposed class contains more than 100 members. Hoy alleges that there are "tens of thousands of Class Members," which include "all California Debtors who have paid money to LLP after they received California Government Demand Letters which LLP Debt Collectors sent to them during the Class Period (Class Members)" since September 16, 2013. Complaint (Ex. A), ¶¶ 25-27. Thus, on its face, the Complaint satisfies the class-size requirement of 28 28 U.S.C. § 1332(d)(5)(B).

### 3. **The required minimal diversity of citizenship exists**

CAFA's minimum diversity requirement provides for federal jurisdiction over any action where any member of the plaintiff class is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

Here, the Complaint expressly alleges that (1) Defendant Richard Haas is a resident of Travis County, Texas; (2) Defendant Nicole Holmes is a resident of Denver County, Colorado, and (3) Defendant Scott McGlasson is a resident of Denver County, Colorado. Complaint (Ex. A), ¶¶ 5-7. Plaintiff, meanwhile, is a resident of Los Angeles County, California. Complaint (Ex. A), ¶ 1. Likewise, the

unnamed members of the putative class are "California Debtors." *Id.*, ¶ 25. On its face, then, the minimal diversity requirement has been meet.

Moreover, Linebarger, since the commencement of this action and continuously through the date of this Notice, was and is a citizen of Texas. For the purposes of CAFA jurisdiction, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Linebarger, as a limited liability partnership, is an "unincorporated association" under the statute and, as Hoy alleges, has its principal place of business in Travis County, Texas and is organized under the laws of Texas. Complaint (Ex. A), ¶ 9; *see also* Declaration of Lori Gruver ("Gruver Decl.") (Ex. B), ¶ 2. Thus, Linebarger is a citizen of Texas for purposes of diversity jurisdiction under CAFA.

Thus, Plaintiff, and the unnamed Class Members, are citizens of California, and four of the named defendants are citizens of different states—two are citizens of Colorado and two are citizens of Texas. Minimum diversity of citizenship under CAFA exists.

### 4. **The minimum amount in controversy is satisfied**

This putative class action satisfies the amount-in-controversy requirement in 28 U.S.C. § 1332(d)(2) because the total sought exceeds the sum or value of $5,000,000, exclusive of interests and costs. Naturally, Defendants expressly deny that Hoy is entitled to any relief whatsoever, for himself or for members of the putative class. However, the amount-in-controversy is evaluated based on what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

Here, Hoy seeks restitution for "monies [Linebarger] obtained from the Class

that they did not deliver to California Governments" as a result of Linebarger's purported "(i) unlawful business practices; (ii) unfair business practices; and (iii) fraudulent business practices." *Id.*, ¶¶ 37-38. Although the Complaint does not provide a specific figure, and although Defendants deny both liability and the existence of any damage, Linebarger has determined following a review of its internal records that the amount of restitution demanded exceeds $5,000,000. Taking Hoy's restitution demand, Linebarger's partner and Chief Compliance Officer, Lori Gruver, used the firm's CUBS database to extract data reflecting the total amount collected, and the total Linebarger fees for its California government clients from September 16, 2013 through April 10, 2017. Gruver Decl. (Ex. B), ¶¶ 4-5. The sum total of the amount of Linebarger fees exceeds $5,000,000. *Id.* Furthermore, Hoy continues to seek recovery for amounts collected up to the date of class certification, plus injunctive relief and attorneys' fees, all of which increase the amount in controversy further.

### B. This Notice Is Timely Filed

Hoy first served a copy of the summons and complaint on one of the Defendants on March 20, 2017. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

### C. Defendants Have Complied With All Other Applicable Procedural Rules

In accordance with 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of the Notice of Removal attached, will be filed with the clerk of the Superior Court of California for the County of San Diego, Case No. 37-2017-0007840-CU-BT-NC, and Defendants will serve a copy of this Notice of Removal on Hoy's attorneys. Additionally, removal is appropriate to this Court because the United

States Court for the Southern District of California embraces the district in which the State Court action was pending.  28 U.S.C. § 1441(a).

### D. CAFA's Exceptions Do Not Apply

A plaintiff bears the burden of establishing that one of the statutory exceptions to CAFA jurisdiction exists.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).  Nevertheless, the exceptions to removal contained in 28 U.S.C. §§ 1332(d) and 1446 do not apply.  This action does not concern a covered security, does not relate to the internal affairs or governance of a corporation or other form of business enterprise, and does not relate to the rights, duties, and obligations relating to or created by or pursuant to any security.  *See* 28 U.S.C. § 1332(d)(9).  Moreover, a review of the Complaint confirms that none of the remaining discretionary or mandatory exceptions to CAFA applies here.  *See* 28 U.S.C. § 1332(d).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully notify this Court pursuant to 28 1332(d), 1441, 1446, and 1453, they have removed the above action from the Superior Court of California in and for the County of San Diego to this Court for determination of all claims asserted and defenses made.  Defendants pray that all further proceedings in the state court be stayed, and that Defendants be granted all additional relief to which they may be justly entitled.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

By this Notice, Defendants intend no admission of liability and reserve all defenses, motions, and pleas.

DATED: April 19, 2017        LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____/s/ *Stephen H. Turner*_____
Stephen H. Turner
Attorneys for JOHN CLINNIN; TIMOTHY O'REILLY; RICHARD HAAS; NICOLE HOLMES; SCOTT McGLASSON; and LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

4836-2881-2359.2

8

NOTICE OF REMOVAL