UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND HOY, an individual person, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CLINNIN, et. al.,<br><br>Defendant. | Case No.:  17-cv-788-BTM-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO TRANSFER VENUE** |

On April 19, 2017, Defendants removed this action from the Superior Court of California, County of San Diego.  (ECF No. 1.)  Pending before the Court are Plaintiff's motion to remand and Defendants' motion to transfer venue.  (ECF Nos. 5, 7.)  For the reasons discussed below, Plaintiff's motion to remand is granted and Defendants' motion to transfer venue is denied as moot.

## **I. BACKGROUND**

Plaintiff brought a putative class action for alleged violations of the California Business & Professions Code § 17200 ("UCL") against Defendant Linebarger Goggan Blair & Sampson, LLP ("Linebarger") and its employees.

1

17-cv-788-BTM-KSC

Linebarger is a foreign limited law partnership that represents California government agencies in connection with their debt collections. According to the Complaint ("Compl."), as a foreign LLP, Linebarger may only render its services in California through active members of the California State Bar who are employed by the foreign limited liability law partnership for that purpose. (Compl. ¶ 12.) Plaintiff alleges that Defendants have violated the California Rules of Professional Conduct and California Corporations Code because the designated California attorneys—Defendants John Clinnin and Timothy O'Reily—have failed to supervise Linebarger's employees in sending out demand letters under the Linebarger letterhead to California debtors. (Compl. ¶¶ 14–16.) The Complaint seeks both injunctive and restitutionary relief from all Defendants. (Compl. ¶ 43.)

Defendants removed this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

## III. DISCUSSION

**A. Motion to Remand**

Plaintiff moves to remand, arguing that the Court should decline jurisdiction under the local controversy exception under the CAFA. *See* 28 U.S.C. § 1332(d)(4).

CAFA grants federal courts with original diversity jurisdiction over class actions comprised of 100 or more persons if the matter in controversy exceeds the sum or value of $5,000,000 and any member of a class of plaintiffs is a citizen of a state different from any defendant. § 1332(d)(2). Under CAFA, only "minimal diversity" is required. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007). Although CAFA grants federal courts with subject matter jurisdiction over qualified class actions, it also provides express exceptions, including the local controversy exception, to the exercise of that jurisdiction. *Id.* at 1024. The local controversy exception applies if: (1) greater

than two-thirds of the members of all proposed plaintiff classes are citizens of the State in which the action was originally filed; (2) at least 1 defendant is a defendant whose alleged conduct forms a "significant basis" for the claims asserted, from whom "significant relief" is sought by members of the proposed class, and who is a citizen of the State in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (4) no similar class action has been filed against any of the defendants in the last three years. § 1332(d)(4). The Ninth Circuit has held that although the removing party bears the initial burden of establishing jurisdiction under CAFA, the party seeking remand bears the burden of proof as to the applicability of the local controversy exception. *Serrano*, 478 F.3d at 1024.

Defendants argue that the local controversy exception does not apply in this case because Defendant Clinnin, a citizen of California, is not a defendant from whom significant relief is sought or whose alleged conduct forms a significant basis for the claims asserted by the proposed class. In determining whether Plaintiff seeks significant relief from Defendant Clinnin and whether his conduct forms a significant basis for the claims, the Court may look only to the Complaint. *See, Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d, 1010, 1015 (9th Cir. 2011).

**1. Significant Defendant**

Whether the "significant basis" condition is met requires a "substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the other, non-local defendants." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015) (quoting *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009)).

Defendants argue that Defendant Clinnin's conduct does not form a significant basis of the proposed class' UCL claims because Defendant Clinnin

cannot as a matter of law be liable under the UCL. Defendant contends that the California Rule of Professional Conduct 1–120 cannot serve as the basis for a § 17200 claim because it is not intended to create a private cause of action. However, as Plaintiff notes, in *People ex. rel. Herrera v. Stender*, 212 Cal. App. 4th 614, 632 (2012), a California court held that an unlawful UCL claim could be based on a violation of the California Rules of Professional Conduct. *See also Estakhrian v. Obenstine*, No. CV 11-3480, 2017 WL 2191622, at * 20 (C.D. Cal. Feb. 4, 2017) (granting class certification and finding commonality of issues where the plaintiffs' allegations of California's professional and ethical rules of conduct would establish liability under the UCL). Defendants argue that Plaintiff is attempting to circumvent the "bar on asserting claims for violation of the Rules of Professional Conduct by recasting the claim as a 17200 violation." (Opp'n to Mtn to Remand, ECF No. 12, 7.) However, as the *Herrera* Court stated:

> The gravemen of the complaint is not to regulate the practice of law but rather is to prevent a fraud upon the public. There is a distinction for our purposes between trying to regulate professional conduct, which plaintiff is not trying to do, and trying to prevent fraud on the public, which plaintiff *is* trying to do.

*Herrera*, 212 Cal. App. 4th at 640 (internal citation omitted).

Moreover, even assuming that Defendant Clinnin could not be held liable under the proposed class' unlawful UCL claim, the proposed class still sets forth an unfair UCL claim—a separate basis for a UCL violation. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) ("The statutory language referring to 'any unlawful, unfair or fraudulent' practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law.").

A review of the Complaint reveals that Defendant Clinnin's conduct does form a significant basis for the proposed class' claims. Plaintiff alleges that

4

Defendants violated the UCL by engaging in the unlawful practice of law in California. It is Linebarger's California attorneys', including Defendant Clinnin, alleged failure to supervise its debt collectors that forms the basis of the unauthorized practice of law. (Compl. ¶ 19–21.) Therefore, Plaintiff carries his burden with respect to the "significant basis" requirement. *See* § 1332(d)(4)(A)(II)(bb).

Defendants also argue that Defendant Clinnin is not a defendant from whom significant relief is sought. To determine whether Plaintiff seeks significant relief from Defendant Clinnin, the Court looks to remedies requested by Plaintiff in the Complaint. *See Benko*, 789 F.3d at 1119. Plaintiff seeks both economic and injunctive relief from all Defendants. (Compl. ¶43.) Defendants argue that the relief sought is really aimed at Linebarger because it is the party that would need to alter or somehow modify its business practices. However, as Plaintiff notes, Defendant Clinnin is one of Linebarger's two practicing attorneys in California. The injunction would require Defendant Clinnin to begin supervising Linebarger's debt collectors in sending out demand letters. Therefore, there is no indication that an injunction would not affect Defendant Clinnin or that he would be incapable of complying with an injunction. *See Coleman*, 631 F.3d at 1020 ("There is nothing in the complaint to suggest either that the injunctive relief sought is itself insignificant, or that [the plaintiff] would be incapable of complying with an injunction.").

As to the restitutionary relief, Defendant argues the relief Plaintiff seeks can only be obtained from Linebarger because it is the entity which allegedly obtained the funds as part of the purportedly unlawful and unfair business practices. However, as the Ninth Circuit has noted, "a defendant from whom significant relief is sought" does not mean a "defendant from whom significant relief may be obtained." *Coleman*, 631 F.3d at 1015. On the allegations in the Complaint, Defendant Clinnin can be liable for restitution. *See Meister v.*

5

*Mensinger*, 230 Cal. App. 4th 381, 398 (2014). There is nothing in the CAFA to indicate "a congressional intent to turn a jurisdictional determination concerning the local defendant's 'alleged conduct' into a mini-trial on the merits of the plaintiff's claims." *Coleman*, 631 F.3d at 1017. Thus, Plaintiff also carries his burden with respect to the "significant relief" requirement of the local controversy exception. *See* § 1332(d)(4)(A)(II)(aa).

In *Benko*, the Ninth Circuit supported its finding that the local controversy exception applied by turning to the Senate Judiciary Committee's findings pertaining to the local controversy exception[1]. 789 F.3d at 1119. The Court here follows the same approach. It is undisputed that all of the proposed class members are California citizens and that the underlying alleged misconduct are violations of the California Rules of Professional Conduct and the California Corporations Code. Defendant Clinnin is one of two Defendants that allegedly failed to supervise Linebarger's debt collectors which resulted in the unauthorized practice of law. Plaintiff has, therefore, met his burden to show that this case qualifies for the local controversy exception.

**B. Request for Sanctions**

Plaintiffs also moves to recover attorneys' fees and costs related to the removal.

Under 28 U.S.C. §1447(c), a district court remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding attorneys' fees should turn on the reasonableness of the removal and

---

[1] "The Committee Report stated that '[t]his provision is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes . . . [A} federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." *Benko*, 789 F.3d at 1119 (quoting S.Rep. No. 109–14, 39, 2005 U.S. Code Cong. & Admin. News 3, 38.).

should only be awarded under §1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Where an objectively reasonable basis exists, however, fees should be denied. *Id.*

Though the Court ultimately holds that the local controversy exception applies to this case, its application is not so obvious so as to render the grounds for removal unreasonable. Accordingly, Plaintiff's request for attorneys' fees is **DENIED**.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion to remand (ECF No. 5), and **REMANDS** this action to the San Diego Superior Court. Plaintiff's request for attorneys' fees is **DENIED**. Defendants' motion for transfer of venue (ECF No. 7) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: June 22, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court

7
17-cv-788-BTM-KSC